UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

MONTIQUE BOYKIN,                                      :
                                                     :
                        Plaintiff,                    :          12-cv-7428 (NSR) (JCM)
                                                     :          OPINION & ORDER
          -against-                                   :
                                                     :
WESTERN EXPRESS, INC. and "JOHN DOE,"                 :
                                                     :
                        Defendants.                   :
                                                     :
------------------------------------------------------------ X

NELSON S. ROMÁN, United States District Judge

     This action arises out of an automobile accident involving Plaintiff's vehicle and a tractor-trailer owned by Defendant Western Express, Inc. ("Defendant"). Trial is scheduled to begin on February 29, 2016. In anticipation of trial, Defendant filed a motion *in limine*. For the following reasons, Defendant's motion is GRANTED in part and DENIED in part.

## BACKGROUND

     The following facts are not disputed by the parties except where noted. Plaintiff's vehicle and Defendant's tractor-trailer were traveling on I-84 East on the morning of February 1, 2011 on a snowy but plowed stretch of highway. The tractor-trailer veered from the left lane into Plaintiff's lane and impacted her vehicle, causing it to rotate and strike the tractor-trailer one or more additional times. Plaintiff's vehicle ultimately came to rest in the snowbank on the side of the highway. Defendant has conceded liability for the accident and only disputes the nature and extent of Plaintiff's injuries and whether the accident caused any or all of them. Plaintiff alleges that she suffered permanent and serious injuries to her back and shoulder, causing two surgeries and significant pain and suffering.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/5/2016

**LEGAL STANDARD**

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal citation and quotation marks omitted); *see generally Luce v. United States*, 469 U.S. 38 (1984). Thus, the Court is called "to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence." *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 467 (S.D.N.Y. 2005). Only evidence that is "clearly inadmissible on all potential grounds," *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001) (internal citations omitted), should be excluded on a motion *in limine*. Because the Court does not have the benefit of viewing the proposed evidence in the context of trial, a motion *in limine* ruling may be "subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer." *Paredes*, 176 F. Supp. 2d at 181 (quoting *Luce*, 469 U.S. at 41).

The Court looks to Rules 401, 402, and 403 of the Federal Rules of Evidence to determine whether the contested evidence is admissible at trial. Under Rule 402, only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence . . . and the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may still be excluded by the Court "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Though the "standard of relevance established by the Federal Rules of Evidence is not high," *United States v.*

2

*Southland Corp.*, 760 F.2d 1366, 1375 (2d Cir. 1985), the Court has "broad discretion to balance probative value against possible prejudice" under Rule 403. *United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008).

## DISCUSSION

Defendant has moved *in limine* for multiple orders precluding and permitting the introduction of certain evidence at trial. The Court deals with each request in turn.

### I.      "Hit and Run"

Defendant seeks to preclude Plaintiff from referencing the "hit and run" nature of the accident on the grounds that it is irrelevant pursuant to Federal Rule of Evidence 401 or, in the alternative, that its probative nature is outweighed by its prejudicial value pursuant to Federal Rule of Evidence 403. Fed. R. Evid. 401, 403. Because liability is not at issue, the "hit and run" character of the accident must be relevant to the nature and extent of damages to be admissible. Plaintiff argues, pursuant to New York law, that "[e]ven when liability is not at issue, proof as to the happening of an accident is probative and admissible as it describes the force of an impact or other incident that would help in determining the nature or extent of injuries and thus relate to the question of damages." *Anderson v. Dainack*, 39 A.D.3d 1065, 1066, 834 N.Y.S.2d 564, 566 (2007) (citing *Rodriguez v. Zampella,* 42 A.D.2d 805, 806, 346 N.Y.S.2d 558 (1973); *Homsey v. Castellana*, 289 A.D.2d 201, 201, 733 N.Y.S.2d 719, 720 (2001)) (internal quotation marks omitted).

Neither Plaintiff nor Defendant, however, has cited a *federal* case for the proposition that evidence of the happening or details of the accident are relevant (or irrelevant) to the question of damages. While the Second Circuit has not addressed the issue, other federal courts have held that such evidence is relevant and not unduly prejudicial, even where Defendants have conceded

liability. *See Frometa v. Diaz-Diaz,* No. 07 CIV 6372 (HB), 2008 WL 4192501, at *5 (S.D.N.Y. Sept. 11, 2008) (holding that, in light of Fed. R. Evid. 401's relatively low bar, recollections and details of the accident were relevant to "help the jury determine whether the accident was likely to have caused all of the injuries alleged by Plaintiff."); *Rafferty v. Erhard*, No. 09CV1019, 2012 WL 3518565, at *1 (W.D.N.Y. July 10, 2012) (citing *Fiala v. National School Bus Service, Inc*., 161 Misc.2d 398, 400–401 (N.Y. Sup. 1994)) ("Even in the face of an admission of liability, proof as to the happening of an accident is probative and admissible as it describes the force of an impact or other incident that would help in determining the nature or extent of injuries and thus relate to the question of damages."); *Mahmood v. Narciso*, 549 F. App'x 99, 101-02 (3d Cir. 2013) (affirming the District Court's ruling that evidence relating to the collision beyond a simple description was not only relevant but survived a Fed. R. Evid. 403 analysis). In light of this authority, the Court agrees that evidence of the details of a collision can be relevant to the issue of damages and more probative than prejudicial.

It is clear that the "hit and run" nature of the accident is not relevant to Plaintiff's damages for physical injuries. The fact that the driver left the scene does not have any impact on the physical injuries suffered by Plaintiff as evidence of the severity of the impact would. *Compare Homsey,* 289 A.D.2d at 201 (holding that evidence of the condition of the vehicles subsequent to the accident is admissible to establish the nature of the impact).

However, the "hit and run" aspect could very well be relevant to Plaintiff's emotional suffering. As the Court rules, *infra*, Plaintiff is entitled to make her claim for emotional damages to the jury. A jury could infer, based on Plaintiff's testimony, that the "hit and run" nature of the accident had a significant effect on the emotional trauma she suffered as a result of the collision. Moreover, the Court cannot find that a reference to the accident as a "hit and run" is so unduly

prejudicial that it will substantially outweigh the probative value outlined *supra*. *See* Fed. R. Evid. 403. Therefore, Plaintiff is entitled to present testimony referencing the "hit and run" nature of the accident.

## II. Fred Hannan's Deposition Testimony

### A. *Availability of Witness to Testify*

Defendant moves to exclude the deposition testimony of Fred Hennan because it is hearsay not subject to the exception for former testimony of a witness under Federal Rule of Evidence 804(b)(1). Fed. R. Evid. 804(b)(1). Plaintiff, on the other hand, claims that the witness is unavailable pursuant to Federal Rule of Evidence 804(a), and therefore, the exception for former testimony does apply. Fed. R. Evid. 804(a). Federal Rule of Evidence 804(a) provides that "[a] declarant is considered to be unavailable as a witness if the declarant: … (5) is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure [the declarant's attendance]." *Id.* Plaintiff contends that, because Mr. Hennan resides in Ohio and is outside the Court's subpoena power pursuant to Federal Rule of Civil Procedure 45(c), the witness is unavailable. However, this is not enough to qualify the witness as unavailable. Federal Rule of Evidence 804(a) requires attempts to procure the witness's testimony "by process *or other reasonable means*." Fed. R. Evid. 804(a) (emphasis added). In order for the witness to be considered unavailable, the Court must determine that Plaintiff "used 'other reasonable means,' such as a voluntary request, to obtain his attendance." *United States v. Losada*, 674 F.2d 167, 172 (2d Cir. 1982).

On this basis, Defendant urges the Court to rule Mr. Hennan is not unavailable, because Plaintiff's declaration does not demonstrate that any good faith effort was made to obtain the witness's testimony. However, this fact is not dispositive. The Court is free to question counsel

regarding such efforts and make a determination based on oral representations of counsel at trial. *See United States v. Sindona*, 636 F.2d 792, 804 (2d Cir. 1980) ("Although it would have been preferable to present the court with affidavits, the fact that the trial counsel for the Government presented the factual situation orally is not fatal. It is proper for the court to accept, in its discretion, the representations of counsel with respect to the unavailability of a witness."). Therefore, the Court withholds judgment on the admissibility of Mr. Hennan's testimony subject to Plaintiff's counsel laying a proper foundation of unavailability at trial. On that score, the Court notes that "[w]hile there is no hard-and-fast rule as to what constitutes the reasonable means that a proponent of the evidence must undertake, some affirmative steps must be taken." *United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 176 (S.D.N.Y. 2006).

### B. Testimony as to the "Hit and Run" Nature of the Accident

Defendant's remaining arguments as to Mr. Hennan's testimony presume the deposition testimony is generally admissible and argue, in the alternative, for distinct portions of the testimony to be excluded. Here, Defendant moves to exclude the deposition testimony of Mr. Hennan referencing the "hit and run" nature of Plaintiff's accident. As outlined in Section I *supra*, such testimony is relevant; its probative value is not substantially outweighed by a risk of undue prejudice; and it is admissible.

### C. Testimony as to the Damage to the Tractor-Trailer

Defendant next moves to exclude the deposition testimony of Mr. Hennan regarding the damage sustained by the Western Express tractor-trailer. As noted above, a witness's recollection of the accident is probative of the seriousness of the collision and relevant to "help the jury determine whether the accident was likely to have caused all of the injuries alleged by Plaintiff." *Frometa*, 2008 WL 4192501, at *5 (S.D.N.Y. Sept. 11, 2008). *See also Homsey,* 289 A.D.2d at

6

201 (holding that the trial court erred in precluding the appellants from submitting evidence of the condition of the vehicles subsequent to the accident to establish the nature of the impact). Therefore, subject to Plaintiff laying a proper foundation for Mr. Hennan's testimony, testimony regarding the damage to the tractor-trailer is admissible.

### D. Cumulative Testimony

Defendant seeks to preclude Plaintiff from reading four excerpts from the deposition testimony of Mr. Hennan, all regarding the details of the accident, because it is needlessly cumulative.[1] Under Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or *needlessly presenting cumulative evidence*." Fed. R. Evid. 403 (emphasis added). It is true that a "district court has broad discretion to exclude evidence that is irrelevant or cumulative." *United States v. Edwards*, 631 F.2d 1049, 1051 (2d Cir. 1980). As Plaintiff notes, however, Mr. Hennan is the only non-party witness to have observed the accident. Moreover, the Court has examined each of the four passages objected to by Defendant and finds that each passage contains additional or different details of the accident. Having already held that the details of the accident are relevant and probative, it cannot be said that the four passages will be needlessly cumulative. Thus, subject to Plaintiff laying a proper foundation for Mr. Hennan's testimony, the four excerpts describing the accident are admissible.

### E. Testimony as to the Diagram of the Accident Contained in the Police Report

Defendant finally seeks to preclude Mr. Hennan from testifying regarding the accident diagram contained in the police report on the grounds that the testimony is hearsay-within-

---

[1] Defendant also argues that the testimony is irrelevant because it concerns details of the accident and liability is not in issue. The Court addressed this question in Section I.

hearsay under Rules 801(c) and 802 of the Federal Rules of Evidence. On the other hand, Plaintiff argues the testimony is admissible because the diagram is simply being used as demonstrative evidence.

As an initial matter, the Court finds that the diagram contained in the police report is inadmissible hearsay. Generally, a police report is "admissible as an exception to the hearsay rule either as a business record under Rule 803(6), Fed. R. Evid., or a public record under 803(8), Fed. R. Evid." *Goldstein v. Laurent*, No. 09 CIV. 2437 PKC, 2011 WL 3586447, at *4 (S.D.N.Y. Aug. 2, 2011) (citing *Parsons v. Honeywell, Inc.,* 929 F.2d 901, 907 (2d Cir. 1991) ("the police report itself would be admissible as a public record under Fed. R. Evid. 803(8)"); *Rosario v. Amalgamated Ladies' Garment Cutters' Union, Local 10*, 605 F.2d 1228, 1251 (2d Cir. 1979) (police report admissible as a business record under Fed. R. Evid. 803(6))). However, to the extent the report contains third-party statements or statements not based on the officer's personal knowledge, such material is hearsay. *See Gervacio v. Zall,* 345 F. App'x 638, 640 (2d Cir. 2009) (citing Fed. R. Evid. 803(8) advisory committee's note ("Police reports have generally been excluded except to the extent to which they incorporate firsthand observations of the officer."); Fed. R. Evid. 803(6) advisory committee's note (noting that information in a police report supplied by a bystander ordinarily is inadmissible)). Because the officer did not witness the accident firsthand, the diagram is based on the statements of bystanders, and it is inadmissible hearsay.

Plaintiff contends, however, that the testimony is nevertheless admissible because the diagram would only be admitted as demonstrative evidence and not for the truth of the matter asserted. Demonstrative evidence is "[p]hysical evidence that is not directly part of the incident in question but illustrates or clarifies testimony." 5-900 WEINSTEIN'S FEDERAL EVIDENCE §

8

900.07. More specifically, the term demonstrative is used "to refer to an object or document that could be displayed to the jurors to help them understand the substantive evidence (testimony or other objects or documents) by interpreting, summarizing, or explaining it, but that would not be available during deliberations as substantive evidence." 4-611 WEINSTEIN'S FEDERAL EVIDENCE § 611.02. Moreover, "the decision whether to admit [demonstrative evidence] is a matter left to the sound discretion of the trial judge." *Veliz v. Crown Lift Trucks*, No. CIV. 84-2746, 1989 WL 61829, at *1 (E.D.N.Y. June 1, 1989) (citing *Szeliga v. General Motors Corp.,* 728 F.2d 566, 567 (1st Cir.1984); *Randall v. Warnaco, Inc.,* 677 F.2d 1226, 1233 (8th Cir.1982)). *See also Martin v. Nat'l R.R. Passenger Corp.,* No. 97 CIV. 8381 (RLE), 1998 WL 575183, at *2 (S.D.N.Y. Sept. 9, 1998) ("Fed. R. Evid. 611 grants the court discretion to admit demonstrative evidence that would aid the jury in its consideration of the evidence."); *Riddle v. Mem'l Hosp.,* 43 A.D.2d 750, 750, 349 N.Y.S.2d 855, 858 (1973) ("The admission or the exclusion of real or demonstrative evidence rests largely within the discretion of the trial court and the relevancy and value of such evidence in assisting the jury in understanding the issues of the case are the criteria for its admission or rejection.").

Here, Mr. Hennan's testimony compares the diagram of the accident to the accident as he recalls it occurring. Without the ability to view the diagram, this testimony lacks probative value. The diagram will aid the jurors in their attempt to understand Mr. Hennan's description of the accident and will clarify his statements as to the accuracy of the illustration. Therefore, the diagram can be used for the limited purpose of illustrating Mr. Hennan's testimony to the jury and can be displayed to the jury, but, to the extent it is offered for its truth, the diagram is inadmissible hearsay and cannot be submitted as substantive evidence.

### III.     Surveillance Videos

Defendant seeks to admit surveillance video of Plaintiff as self-authenticating based on Plaintiff's admission that she is the person depicted in the surveillance videos and the remainder of what is depicted "speaks for itself." (Declaration of Matthew Bauer, ECF No. 53, Exhibit G, ¶ 9.)  Federal Rule of Evidence 901 states that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. Although Plaintiff has admitted that she is the individual in the videos, this alone does not confirm the genuineness or authenticity of what, according to Defendant, "was truly and accurately before the camera." (*See* Defendant's Reply Brief in Further Support of Western Express Inc.'s Motion in Limine, ECF No. 62, 10.)

To authenticate the video, Defendant must demonstrate not only that Plaintiff is the individual depicted in the video but also that the video is *authentic* and that the *events* are accurately depicted. *See Mikus v. United States*, 433 F.2d 719, 725 (2d Cir. 1970) (holding that a video tape is admissible where there was testimony that the recording was a "fair and accurate representation of the occurrences"); *United States v. Ida*, No. S1 96 CR. 430 (LAK), 1997 WL 122753, at *3 (S.D.N.Y. Mar. 18, 1997) (holding that video tapes were authenticated and admissible where an agent "testified that the originals marked for identification by the government in this trial in fact are the original recordings made"). Though the Second Circuit does not have a rigid formula for evaluating the authenticity of video tapes, the requisite indicia of authenticity can be created by presenting witnesses who recall the events depicted, testimony as to the chain of custody, testimony of the person recording the events, or any other evidence tending to show the accuracy of the depictions. *See e.g., United States v. Fuentes*, 563 F.2d 527,

532 (2d Cir. 1977); *Gill v. Arab Bank, PLC*, 893 F. Supp. 2d 542, 568-69 (E.D.N.Y. 2012)

(holding a video was authenticated where two witnesses testified that the video was a fair and

accurate depiction of the relevant event). Therefore, Defendant must produce additional

authenticating evidence to lay a proper foundation for the surveillance videos, and the Court will

not admit them based solely on Plaintiff's limited admission.

### IV.   Testimony of Plaintiff and Plaintiff's Husband Regarding Statements of Treating Physicians

Defendant next seeks to preclude Plaintiff and her husband from testifying about

statements made by Plaintiff's treating physicians. Under Rule 801(c) of the Federal Rules of

Evidence, a statement is inadmissible hearsay if (1) the declarant does not make the statement

while testifying at the current trial or hearing; and (2) a party offers it in evidence to prove the

truth of the matter asserted in the statement. Fed. R. Evid. 801(c). Plaintiff argues that these

statements made by her doctors will not be offered for their truth but instead to demonstrate

Plaintiff's "understanding of her conditions, her limitations, and her future." (Plaintiff's

Memorandum of Law in Opposition to Defendant's Motion in Limine ("Pl.'s Memo"), ECF No.

61:5, 18.) As to the testimony of her husband, Plaintiff only notes that her husband will testify as

to his own observations of her condition and demeanor. To the extent Plaintiff's husband seeks

to testify regarding statements of Plaintiff's treating physicians, the following ruling applies to

both parties.

The Federal Rules of Evidence define hearsay as a declarant's out-of-court statement

"offer[ed] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid.

801(c). However, "[w]here statements are offered to show their effect on a listener's state of

mind, they are not hearsay." *DeNigris v. New York City Health & Hosps. Corp.*, 552 F. App'x 3,

6 (2d Cir. 2013) (citing *United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013)). Therefore, to

the extent Plaintiff seeks to offer such testimony for its effect on her state of mind or to demonstrate the stress resulting from such statements, the declarations would be non-hearsay. *See, e.g., Walker v. Kubicz*, 996 F.Supp. 336, 340 (S.D.N.Y. 1998) (holding although prison physician's statement of nephrologist's opinion was inadmissible to prove truth of matter asserted, such statement was admissible to prove prison physician's state of mind as to proper treatment for inmate plaintiff). *See also Ferrara v. Galluchio*, 152 N.E.2d 249, 251 (N.Y. 1958) (dermatologist's statement plaintiff should get her shoulder checked every six months because there was a possibility that cancer might develop introduced to establish a basis for plaintiff's anxiety not inadmissible hearsay).

On the other hand, to the extent such statements are offered for their truth (i.e., to prove Plaintiff has or had a certain condition or injury; that an injury was caused by the accident; etc.), they are inadmissible hearsay. *See Ashbaugh v. Windsor Capital Grp., Inc.*, No. 10 CIV. 4647 ILG LB, 2012 WL 2319240, at *5 (E.D.N.Y. June 19, 2012) (Plaintiff's treating doctor's statements to her—whatever they were—are inadmissible hearsay). The Court reserves judgment on the admissibility of the testimony regarding the physicians' statements until trial, where the purpose for which the statement is offered can be properly assessed in context. The Court cautions Plaintiff, however, that if the significance of these statements does not "lie[] solely in the fact that [they were] made," and instead raise "issue[s] … as to the truth of [what is] asserted," such statements will be inadmissible hearsay. Fed. R. Evid. 801(c) advisory committee's note.

## V.       Plaintiff's Criminal Plea and Charges

Defendant seeks to admit Plaintiff's prior conviction for petit larceny in 2010, as well as the charges related to that conviction. Plaintiff pled guilty only to petit larceny but was

additionally charged with second and third degree possession of a forged instrument and third degree larceny.

Under Rule 609 of the Federal Rules of Evidence, evidence of a witness's prior convictions can be admitted for impeachment purposes, subject to certain limitations. Fed. R. Evid. 609. "[E]vidence of convictions for crimes involving dishonesty or false statement, whether felonies or misdemeanors, *must* be admitted under Rule 609(a)(2) as being *per se* probative of credibility." *United States v. Estrada*, 430 F.3d 606, 615 (2d Cir. 2005) (internal quotation marks omitted) (emphasis in original). Where a crime does not automatically implicate the use of dishonesty or false statements, "the proffering party must demonstrate 'that [the] particular prior conviction rested on facts warranting the dishonesty or false statement description.'" *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977) (barring admission of narcotics importation conviction under Rule 609(a)(2) because government failed to present specific facts that crime involved dishonesty or false statement)).

Defendant contends that Plaintiff's conviction involves dishonesty because the conviction stems from Plaintiff's arrest for attempting to deposit a fake check into her bank account. (Defendant's Brief in Support of Western Express Inc.'s Motion in Limine ("Def.'s Memo"), ECF No. 52, 18.) Plaintiff does not dispute that Defendant can offer this conviction under Rule 609. (Pl.'s Memo, 20.) It is clear that Plaintiff's prior conviction is for a crime involving dishonesty, which is not contested by Plaintiff, and the conviction is therefore admissible under Federal Rule of Evidence 609.

Plaintiff does argue, however, that the related charges and arrest are inadmissible under Federal Rules of Evidence 404 and 609. It is true that Rule 609 only contemplates admission of a

criminal *conviction* and not arrests or charges that do not result in convictions. Fed. R. Evid. 609. Nevertheless, "the Federal Rules of Evidence explicitly permit inquiry on cross-examination into any specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." *Redd v. New York State Div. of Parole*, 923 F. Supp. 2d 393, 403 (E.D.N.Y. 2013) (internal quotation marks omitted). "Rule [ ] ... 608(b) specifically contemplate[s] conduct which does not result in a criminal conviction being admissible at trial under certain defined circumstances." *Cox v. McClellan*, 174 F.R.D. 32, 34 (W.D.N.Y. 1997). Whereas here, the prior arrest and charges bear on the Plaintiff's character for truthfulness, Defendant is permitted to inquire into such matters for impeachment purposes on cross-examination.[2] *See United States v. Calderon-Urbina*, 756 F. Supp. 2d 566, 568 (S.D.N.Y. 2010) ("[T]heft crimes, and other crimes involving stealth ... bear on a witness's propensity to testify truthfully. Petit larceny is a theft crime, and therefore the Court finds that evidence of this crime bears upon the [witness's] veracity.") (citing *Estrada*, 430 F.3d at 621); *Williams v. McCarthy*, 05 Civ. 10230, 2007 WL 3125314, at *2 (S.D.N.Y. Oct. 25, 2007); *Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 01 Civ. 3796, 2005 WL 1026515, at *8–9 (S.D.N.Y. May 2, 2005)). *See also United States v. Browne, 621 F. App'x 44, 47* (2d Cir. 2015) *cert. denied sub nom. Cean v. United States*, No. 15-718, 2016 WL 100462 (U.S. Jan. 11, 2016) (holding that trial judges are given broad discretion in determining the scope of cross-examination and allowing the government to cross-examine witness regarding alleged participation in a prior fraudulent real estate scheme); *United States v. Walia*, No. 14-CR-213 MKB, 2014 WL 3734522, at *15

---

[2] Rule 608 does not, however, allow Defendant to introduce extrinsic evidence of the arrest and charges. *See Nibbs v. Goulart*, 822 F. Supp. 2d 339, 344 (S.D.N.Y. 2011) ("Under the plain terms of FRE 608(b), extrinsic evidence— such as [] police reports and court documents []—[are] inadmissible to prove specific instances of prior conduct related to a witness's veracity.").

(E.D.N.Y. July 25, 2014) (holding that Defendant's prior arrest and indictment may be used on cross-examination because they were probative of Defendant's character for truthfulness or untruthfulness under Rule 608(b)). *Compare Stephen v. Hanley,* No. 03–CV–6226 (KAM)(LB), 2009 WL 1471180, at *8 (E.D.N.Y. May 21, 2009) ("None of the unproven charges or prior arrests bear on [the witness's] character for truthfulness and, thus, are [] inadmissible pursuant to Rule 608.")

Therefore, Plaintiff's prior conviction is admissible under Federal Rule of Evidence 609, and Defendant may inquire as to the related arrest and charges on cross examination pursuant to Federal Rule of Evidence 608.

## VI.    Medical Bills

Although Defendant has stipulated to the authenticity of Plaintiff's medical bills, Defendant nevertheless seeks a ruling requiring Plaintiff to prove that her $75,104.31 in medical bills was fair, reasonable, and necessarily incurred as a result of her alleged injuries. Plaintiff contends that this is not a proper matter for a motion *in limine*. However, as this Court has previously held, "[c]ourts may entertain *in limine* motions to make pre-trial rulings allocating burdens of proof in order to avoid uncertainty at trial." *Fed. Ins. Co. v. Mertz*, No. 12-CV-1597-NSR-JCM, 2016 WL 164618, at *2 (S.D.N.Y. Jan. 12, 2016) (citing *Bd. of Trustees of AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.,* 860 F. Supp. 2d 251, 259 (S.D.N.Y. 2012) (citing *Reale Int'l, Inc. v. Federal Republic of Nigeria*, No. 78 Civ. 23, 1984 WL 837, at *2–4 (S.D.N.Y. Sept. 11, 1984)) (considering and denying "Plaintiff's motion for a ruling *in limine* reducing or modifying its burden of proof")). The Court will therefore consider the motion.

"Under New York law, to recover medical expenses resulting from a personal injury, the plaintiff must show that the medical expenses incurred were 'reasonable' and 'necessary.'"

*Contri v. Yellow Freight System, Inc.*, No. 92CIV.2603(AJP)(JGK), 1996 WL 87237, at *2 (S.D.N.Y. Feb. 29, 1996) (collecting cases). Plaintiff submits that that she will "present the requisite proof to sustain the amount ... [of] medical expenses." (*Id.*) Presumably, Plaintiff will present enough evidence to satisfy the aforementioned standard, and therefore, the Court sees no issue in dispute and will instruct the jury on the correct measure and proof of damages at trial.

### VII.    Medical Bills Paid Versus Incurred

Defendant next seeks to limit Plaintiff's damage award, if any, to reflect the amount of medical bills paid rather than incurred. In so arguing, Defendant grossly misstates both the New York Insurance Law § 5104(b) and New York's collateral source rule as applied to the instant case. Under New York Insurance Law § 5104(b), an insurer that paid benefits on account of personal injuries has a lien against any recovery for damages in a personal injury action to the extent of benefits paid to the covered person. N.Y. Ins. Law § 5104(b). In the instant case, Plaintiff's insurer—Geico—has taken advantage of this provision and secured a lien in the amount of $19,984.13 against any damages recovered for medical expenses. Relatedly, the collateral source rule—CPLR 4545(a)—provides for a reduction in a damage award for expenses that have been or will be paid by a collateral source, in order to prevent a windfall to Plaintiff. Defendant argues, based on these provisions, that any recovery for medical expenses above and beyond the $19,984.13 paid to Plaintiff's medical providers by Geico would result in a double recovery for Plaintiff. Defendant has not alleged, however, any rational explanation for this conclusion.

Of course, any potential award will be limited to expenses actually incurred by Plaintiff, but there is no indication in the record that Plaintiff was not responsible for some amount above $19,984.13. *See Lloyd v. Russo,* 273 A.D.2d 359, 709 N.Y.S.2d 589 (2000) (limiting damages

for past medical expenses to those Plaintiff incurred). A double recovery would only result if Plaintiff was to recover the $19,984.13 already paid by Geico for her medical bills, which is specifically prevented by the lien secured pursuant to Insurance Law § 5104(b). Therefore, to the extent Plaintiff can prove reasonable medical expenses above such amount, neither Insurance Law § 5104 nor CPLR 4545(a) precludes further damages.

Finally, Defendant contends that the maximum amount recoverable for medical expenses under New York Insurance Law § 5102 is $50,000, and therefore, Plaintiff is limited to such amount. Again, Defendant misstates the law as applied to medical expenses in personal injury cases. New York's insurance law expressly provides that "basic economic loss" incurred as a result of the use or operation of a motor vehicle is not recoverable in a personal injury action. *See* N.Y. Ins. Law § 5104(a). "Basic economic loss" is defined in Section 5102 as including the first $50,000 of medical expenses. *See* N.Y. Ins. Law § 5102(a)(1). Under these provisions, Plaintiff is not *limited* to $50,000 of medical expenses but is entitled to recover any medical expenses to the extent they *exceed* the $50,000 basic economic loss. *See Ventra v. U.S.*, 121 F. Supp. 2d 326 (S.D.N.Y. 2008) ("The No–Fault Law provides that plaintiffs can only recover in tort the amount of 'basic economic loss' that exceeds $50,000. N.Y. Ins. Law §§ 5102(a), 5104"); *Wilson v. Colosimo*, 101 A.D.3d 1765 (App. Div. 4th Dep't 2012) (holding that Plaintiff's economic loss must exceed the $50,000 threshold). Therefore, Plaintiff can recover for economic loss, including medical expenses, any amount in excess of $50,000.

## VIII.   Testimony of Dr. Peretz

Defendant seeks to limit the testimony of Dr. Andrew Peretz—Plaintiff's treating orthopedist—to information developed through his treatment and care of Plaintiff. Specifically,

Defendant argues that because Dr. Peretz did not treat Plaintiff's right shoulder and he is not an expert witness under the requirements of Rule 26, he cannot testify regarding such injury.

In the Second Circuit, courts "have regularly held that treating physicians may testify as to opinions formed during their treatment, including causation, severity, disability, permanency and future impairments, without the obligation to submit an expert report." *Manganiello v. Agostini*, No. 07 CIV.3644 HB, 2008 WL 5159776, at *12 (S.D.N.Y. Dec. 9, 2008) *aff'd sub nom. Manganiello v. City of New York*, 612 F.3d 149 (2d Cir. 2010) (citing *Zanowic v. Ashcroft*, No. 97 Civ. 5292, 2002 WL 373229, at *2 (S.D.N.Y. Mar. 8, 2002) ("There can be no serious dispute that, as a treating physician, Dr. Giovinazzo was free to testify to opinions he formed in the course of treating [plaintiff], without regard to the disclosure requirements of Rule 26(a)(2)."); *Smolowitz v. Sherwin–Williams Co*., No. 02 Civ. 5940, 2008 WL 4862981, at *4 (E.D.N.Y. Nov. 10, 2008) (noting that some cases suggest "that treating physicians may render expert opinion testimony regarding causation even without submitting a detailed report"); *NIC Holding Corp. v. Lukoil Pan Americas, LLC*, No. 05 Civ. 9372, 2007 WL 1467424, at * 1 (S.D.N.Y. May 16, 2007) (observing that "treating physicians often are allowed to express their opinions as to the causes of an injury, based on their training and experience")). Therefore, Dr. Peretz may testify to *any* opinion formed during his treatment of Plaintiff. If those opinions are limited to Plaintiff's back injury, then the testimony will be so limited. However, it is certainly possible that Dr. Peretz formed opinions with regards to Plaintiff's other injuries, despite the fact that he was specifically treating her back. To the extent Dr. Peretz formed an opinion *in the course of his treatment* of Plaintiff, such opinion will be admissible. Dr. Peretz cannot, however, testify as to the opinions of Plaintiff's other treating physicians.

18

### IX.    Psychological Damages

Defendant seeks to bar Plaintiff's claim for psychological or emotional damages at trial on the grounds that Plaintiff must produce expert medical testimony in order to recover for emotional distress or psychological harm. In so arguing, Defendant relies on three New York cases: *Roche v. Claverack Co-op. Ins. Co.*, 59 A.D.3d 914 (2009), *Walentas v. Johnes*, 257 A.D.2d 352 (1999), and *Leone v. Leewood Serv. Station, Inc.*, 212 A.D.2d 669 (1995). Defendant's reliance on these cases, however, is misplaced. Both *Roche* and *Walentas* are cases in which the Plaintiff makes a claim for intentional infliction of emotional distress. *See Roche*, 59 A.D.3d at 914; *Walentas*, 257 A.D.2d at 352. Under New York law, it is clear that "intentional infliction of emotional distress requires extreme and outrageous conduct, intended to cause, and resulting in, severe emotional distress." *Walentas*, 257 A.D.2d at 353. "Severe emotional distress" is an element of the claim and requires support by medical evidence. *Id.* Such is not the case here, where a lay person could comprehend, without the aid of an expert, that emotional trauma would result from a serious motor vehicle accident. Additionally, in *Leone*, where the Court did disallow emotional damages, the Plaintiff's claim was based on damage to her home and not her physical person. *Leone*, 212 A.D.2d at 669. The Court, however, clearly limited the holding to "the circumstances of this case, [] in light of the limited circumstances under which purely psychic injuries are compensable." *Id.* Again, the instant case differs in that Plaintiff has claimed physical injury and resulting emotional injuries.

Moreover, it is well-settled in the Second Circuit that expert testimony is not required in order to recover noneconomic damages. *See Grisanti v. Cioffi*, No. CIV399CV490JBA, 2001 WL 777435, at *8 (D. Conn. June 14, 2001) *aff'd*, 38 F. App'x 653 (2d Cir. 2002) ("Notwithstanding the absence of expert testimony and economic loss, plaintiff has proved that

she suffered substantial emotional damage as a result of defendant's repeated threats and assaults."); *Leo v. Long Island R. Co.*, 307 F.R.D. 314, 342 (S.D.N.Y. 2015) (holding that a jury could have reasonably discerned future noneconomic injury where plaintiff proffered no evidence of emotional dysfunction other than his own testimony); *Ramsay v. Nat'l R.R. Passenger Corp.*, No. 12CV1999 MHD, 2015 WL 2168062, at *11 (S.D.N.Y. May 7, 2015) ("[E]ven in the absence of this expert testimony, the common law of New York, to which we look for guidance, … would allow plaintiff's claim to survive based on her personal testimony. New York courts do not require expert testimony to establish the existence or causation of emotional distress.") (internal citations omitted);[3] *Kinneary v. City of N.Y.*, 536 F. Supp. 2d 326, 330-32 (S.D.N.Y. 2008) (plaintiff's testimony of embarrassment and disappointment without medical evidence of physical manifestations or medical or psychological treatment warranted garden variety non-economic damages award); *Willis v. Onondaga Cty.*, No. 5:04-CV-0828 GTSGJD, 2010 WL 610343, at *5 (N.D.N.Y. Feb. 17, 2010) ("expert testimony is not required for a plaintiff to make out a claim for emotional distress") (internal citations omitted). Therefore, Plaintiff's claim for noneconomic damages can be presented to the jury without the aid of expert testimony.

In responding to Defendant's motion, Plaintiff seeks to admit her psychological medical records under Federal Rules of Evidence 803(4) and 803(6). Generally, medical records "can be admissible under Federal Rule of Evidence 803(6), provided they are prepared in the regular course of business, near the time of occurrence, by a person with knowledge and are properly authenticated. …   Properly authenticated [s]tatement[s] that ... [are] made for—and [are]

---

[3] Defendants attempt to distinguish *Ramsay* on the basis that a violation of the Federal Employers Liability Act ("FELA") requires a relaxed standard for causation is unavailing. *Ramsay* clearly explains the status of New York law generally—not solely as applied to FELA claims—and cites to cases in which Plaintiffs asserted various claims, not under FELA.

reasonably pertinent to—medical diagnosis or treatment; and ... describe [ ] medical history; past or present symptoms or sensations; their inception; or their general cause are also admissible under Federal Rule of Evidence 803(4)."[4] *Norcia v. Dieber's Castle Tavern, Ltd.*, 980 F. Supp. 2d 492, 501 (S.D.N.Y. 2013) (internal citations and quotation marks omitted). In order to admit medical records under wither 803(4) or 803(6), however, "the introducing party must lay a foundation to introduce hearsay evidence." *Djangmah v. Falcione*, No. 08 CIV. 4027 KPF, 2013 WL 6388364, at *6 (S.D.N.Y. Dec. 5, 2013) (internal citations and quotation marks omitted). In addition, "Rule 803(6) explicitly requires that this foundation be laid by a 'custodian' or 'qualified witness,' if testimonial, or by a formal certification by the record's custodian." *Id.* Plaintiff's medical records will be admissible at trial, therefore, if she lays the proper foundation. At that time, Defendant will be free to object on the ground that the voluminous nature of the records is likely to confuse or mislead the jury to such an extent that its probative value is substantially outweighed, pursuant to Federal Rule of Evidence 403. Fed. R. Evid. 403.

### X.    Pain and Suffering

Defendant seeks to preclude Plaintiff from arguing a pain and damages figure to the jury. "[T]he Second Circuit undoubtedly 'disfavors' such suggestions to the jury and 'encourage[s] trial judges to bar such recommendations.'" *Thomas v. Kelly*, 903 F. Supp. 2d 237, 265 (S.D.N.Y. 2012), *dismissed* (Apr. 30, 2013) (citing *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995), *as amended* (Dec. 22, 1995), *cert. granted, judgment vacated sub nom. Consorti v. Owens-Corning Fiberglas Corp.*, 518 U.S. 1031, 116 S. Ct. 2576, 135 L. Ed. 2d 1091 (1996)). *See also Mileski v. Long Island R. Co.*, 499 F.2d 1169, 1174 (2d Cir. 1974).

---

[4] Defendant's contention that medical records can only be admitted for impeachment purposes is completely unsupported under the Federal Rules of Evidence and Second Circuit case law.

However, the Second Circuit has further explained that, "[s]ince the trial judge is usually better able on the basis of his acquaintanceship with the evidence in each case to gauge the potentiality for abuse and to determine whether such references by counsel may have an unduly prejudicial effect upon the jury, he should remain free in his discretion either to prohibit trial counsel from giving the jury any opinion as to specific amounts that might be awarded for pain and suffering or to impose such reasonable limitations as he may prescribe." *Mileski v. Long Island R. Co.,* 499 F.2d 1169, 1174 (2d Cir. 1974). Given that there is no per se rule about the propriety of such suggestions, the Court sees no reason—at this juncture—to prohibit Plaintiff from presenting a suggested figure. If, throughout the progression of trial, it becomes apparent that a suggested amount will have an unduly prejudicial effect on the jury, the Court will set appropriate limits at such time.

## XI.     Loss of Consortium

Defendant next moves to preclude Plaintiff's husband, George W. Burns, Jr., from testifying as to any issues that may relate to a loss of consortium or per quod claim. Mr. Burns is expected to testify as to his observations of the Plaintiff's physical and emotional demeanor before and after the accident as it pertains to damages. It is clear, and Plaintiff readily admits, that Plaintiff has not asserted a loss of consortium claim. Nevertheless, Mr. Burns is certainly allowed to testify regarding his observations of Plaintiff; his testimony will aid the jury in assessing the seriousness and effects of the accident. To the extent Defendant argues that certain lines of questioning will be unacceptably prejudicial or will risk misleading the jury to award damages for loss of consortium, the motion is premature. The Court will consider the testimony as it is presented at trial, and the Defendant is free to object based on Federal Rule of Evidence

403, at which point the Court will be able to make a determination based on the specific testimony Plaintiff is seeking to admit.

**XII.    Cumulative Lay Witness Testimony**

Finally, Defendant seeks to bar Plaintiff from presenting six lay witnesses who are expected to testify as to Plaintiff's physical and emotional demeanor before and after the accident. Defendant contends that this lay testimony is excessively cumulative and should therefore be barred pursuant to Federal Rule of Evidence 403. It is certainly possible, however, that each witness will testify to factually distinct matter, all bearing on Plaintiff's demeanor.

In the case cited by Defendant for the proposition that it is within the trial court's discretion to exclude witnesses as cumulative, the Second Circuit also held that it was error to exclude a witness's testimony as cumulative when the witness was testifying as to the same subject matter but had additional knowledge regarding such subject matter during a separate, distinct time period. *Int'l Halliwell Mines, Ltd. v. Cont'l Copper & Steel Indus., Inc.*, 544 F.2d 105, 109 (2d Cir. 1976) (holding that "it was error to exclude Graetz' testimony concerning the actions of the Halliwell board during the latter half of 1967 and 1968" when the former witness had retired in 1967 and therefore had no knowledge of the board's actions after 1967). Therefore, without more information to conclude whether or not the witnesses will present factually distinct testimony, the Court cannot exclude any of the witnesses at this time. Defendant is welcome to renew its motion upon presentation of the witnesses to the Court.

## CONCLUSION

For the foregoing reasons, Defendant's motion *in limine* is GRANTED in part and

DENIED in part. The Court respectfully directs the Clerk to terminate the motion at ECF No. 51.

A final pretrial conference is scheduled for February 26, 2016 at 10:00 a.m.

Dated:    February 5, 2016          SO ORDERED:
          White Plains, New York

_____

NELSON S. ROMÁN
United States District Judge